[No. 6453.]

## WELLS, FARGO & CO. *v.* E. J. COLEMAN, ROBERT WATT, AND JAMES T. MURPHY, BANK COMMISSIONERS.

INJUNCTION—INSUFFICIENT ALLEGATIONS.—Where the complaint in an action by a banking corporation to restrain the Bank Commissioners from taking any proceedings against the bank on account of its refusal to permit the Commissioners to examine the affairs of the bank, alleged that the Commissioners "threaten to commence divers actions and proceedings in the Courts and elsewhere against the plaintiff on account of said refusal": *held*, that the allegations would not support an injunction.

COMMERCIAL BANKS SUBJECT TO EXAMINATION. — Under the Act of March 30th, 1878, "creating a Board of Bank Commissioners, and prescribing their duties and powers," incorporated commercial banks are subject to examination by the Bank Commissioners.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The complaint was as follows:

"The plaintiff, complaining of the above named defendants, alleges:

"1. That said defendants are, and have been for more than three months last past, the Bank Commissioners appointed and acting as such under the act of the Legislature of the State of California, entitled "An Act creating a Board of Bank Commissioners, and prescribing their duties and powers," and approved March 30th, 1878.

"2. That plaintiff is a corporation having a capital stock and stockholders, and doing business as a commercial bank in said City and County of San Francisco, which business consists of discounting bills and promissory notes, and buying, selling, drawing, and dealing in bills of exchange, and other negotiable securities, and receiving money on general deposit upon which no interest is allowed, and which money is mingled and blended with the moneys of plaintiff; but that plaintiff is not, and never has been, doing business for the accumulation and investment, or for the accumulation or for the investment of funds and savings, or funds or savings, and is not and never has been a trust company, receiving any valuable thing in trust, or money on special deposit, and that plaintiff is not a person publicly receiving, and has not received publicly, money on deposit for safe keeping.

"3. That, heretofore, to wit, on the 25th day of July, 1878, the said Bank Commissioners duly issued to plaintiff a license in due form, (being the form prescribed by them) authorizing plaintiff to use the name and transact its business as a banking company, as aforesaid, for a period of one year from said last mentioned date.

"4. That on the 6th day of January, 1879, the defendants, claiming to act as such Bank Commissioners, visited the plaintiff and demanded of plaintiff that it permit them, as such Bank Commissioners, to make personally a full examination of plaint-

iff's bank, and to inspect all its books, papers, notes, bonds, evidences of debts, and securities; that defendants then and there claimed and asserted and now claim and assert that they have and had the right to make such examination and inspection, under and by virtue of the powers vested in them as Bank Commissioners by said act of the Legislature, and that they do not assert or claim to have any powers or rights in the premises except under said act.

" 5. That plaintiff, being advised that defendants had no legal right to make said examination or inspection, and acting under such advice, refused and still refuses to permit defendants to make such examination and inspection, and the same has not been made.

" 6. That plaintiff is transacting and doing a banking business, as aforesaid, with many different persons and very extensively; that defendants threatened to commence divers actions and proceedings in the Courts and elsewhere against plaintiff and its officers for and on account of said refusal of plaintiff to permit such personal and official examination and inspection, and will, as plaintiff alleges, on information and belief, carry their threats into execution unless restrained by this honorable Court; that such proceedings on the part of defendants would subject plaintiff to great expense and annoyance and to irreparable damage.

" Wherefore plaintiff prays judgment against defendants:

" First—For an injunction restraining and enjoining defendants from taking any steps or proceedings against plaintiff or its officers for or on account of its refusal to permit said examination and inspection, and from compelling plaintiff to submit to the same.

" Second—For all other proper relief and for costs."

An order was made requiring the defendants to show cause why an injunction should not be issued as prayed for, and upon such showing the injunction was denied, and the plaintiff appealed.

*Greathouse & Blanding*, for the Appellant, argued that the use of the words " Savings Bank, Bank and Banking Company "

in secs. 3, 7, 9, 10, and 16, shows clearly that it was not intended to include commercial banks within the provisions of sec. 4, giving visitorial powers to the Commissioners. They also argued that the act was only intended to apply, in this respect, to the savings banks, where the relations to the public are peculiar and entirely different from that of the commercial banks. In the former the depositor entrusts his money as an investment, sharing the profits of the business. In the latter, money is deposited temporarily only, and merely as a matter of convenience to the depositor. He gets no profit from the business.

*McAllisters & Bergin,* also for Appellant.

The solution of the question of difference turns upon the Court's construction of sec. 4. It is directed only to one class of individuals, *i. e.* " any person publicly receiving money on deposit for safe keeping." The corporations referred to in the statute are only such as are incorporated for the accumulation and investment of· funds and savings, such as are incorporated as trust companies, receiving any valuable thing in trust, or money on special deposit. (3 Kern. N. Y. 229.) Courts cannot add to or subtract from the enumeration of the statute. (35 Cal. 639.) Commercial banks are not for the accumulation and investment of funds and savings. The relation between such banks and their customers is simply that of debtor and creditor. (2 Wall. U. S. 256; 5 Ibid. 678.) The distinction between such banks and savings banks is well settled. (22 Wall. U. S. 41; 21 Ibid. 287; 17 Ibid. 118; 3 Ibid. 512.) Savings banks and trust companies are legally regarded as charitable, and not commercial, corporations. (6 Otto, 388.)

*J. W. Winans,* also for Appellant, cited *Munford* v. *American Life Assurance Co.* 4 Comstock, 478; 7 How. Pr. R. 150; 20 Barb. 120; 5 Hill. 491; 4 Kern. 139; 17 Wall. 425; 5 Biss. 515; 77 Ill. 263; 4 Thomp. & C. N..Y. 193; 1 Hun. 639; 69 N. C. 498; 69 N. C. 300; 65 N. C. 13.

*Attorney-General Hamilton* and *J. W. Pierson,* for the Respondents, filed no briefs, but argued :

1. That the bill was insufficient to support an injunction.

2. That the act included commercial as well as other banks, giving the power of inspection to the Commissioners, over all.

By the Court, WALLACE, C. J.:

Irrespective of the question made in argument, as to the construction of the act, we think that the allegations of this bill would not support an injunction, and of course we could not reverse the order of the Court below refusing the injunction.

Inasmuch, however, as counsel on both sides have united in the request that we give expression to our views on the true construction of the act itself, I will add that we are all of opinion that incorporated commercial banks are plainly within the intent of the act, and subject to examination under its provisions.

Let the order be affirmed.